UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:24-CR-19-KAC-DCP |
| ) | |
| BOBBY ROBINETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared before the undersigned on January 28, 2026, for a motion hearing on Defendant's Motion for Pretrial Psychiatric and/or Psychological Exam [Doc. 571]. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. Attorney Mark Brown represented Defendant Bobby Robinette, who was also present.

Defendant asks the Court for a competency hearing and an evaluation of his competency to stand trial. Mr. Brown stated that Defendant had prior diagnoses of ADHD, depression, and severe opioid disorder. Mr. Brown submitted that he had reached out for medical records of Defendant but had not received them yet. Mr. Brown maintained that while Defendant could understand the charges he faced, Defendant did not understand the consequences of these charges. Resultantly, Mr. Brown represented that this was interfering with Defendant's ability to assist with his defense. Further, Mr. Brown stated that while Defendant was in Roane County jail, the mobile crisis unit was called due to the hard time that Defendant was having mentally in the facility.

AUSA Jones stated that the Government took no position on the request but did raise that this could cause potential delay in the case. Still, AUSA Jones expressed that he wished for Defendant to address his mental health issues prior to going to trial in order to fully understand the consequences of this case.

Based upon the information in the motion and the statements of the parties at the hearing, the Court finds that reasonable cause exists to believe that Defendant Robinette may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[1] 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 571**] to undergo a competency evaluation and will set a competency hearing.

The Court hereby **ORDERS,** pursuant to Title 18, sections 4241(b) and 4247(b)–(c) of the United States Code, as follows:

> (1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the United States Marshals Service shall notify counsel for both parties promptly. The Government then **SHALL FILE** a notice of designation in the record to alert the Court.[2]

---

[1] The Court looks to whether "[s]ome minimum showing of incompetence" is present before granting a competency hearing. *Lenhard v. Wolff*, 603 F.2d 91, 93 (9th Cir. 1979); *see also United States v. Johnson*, No. 1:19-cr-129, 2021 WL 808734, at *3 (E.D. Tenn. Mar. 3, 2021) (finding "[s]ome minimum showing of incompetence" (citing *United States v. Jackson*, 179 F. App'x 921, 932 (6th Cir. 2006) (alteration in original)); *United States v. Rayyan*, No. 16-CR-20098, 2016 WL 1746013, at *3 (E.D. Mich. May 3, 2016) ("[A]ny significant doubt as to the defendant's competency requires a competency evaluation." (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

[2] Upon receipt of the Government's notice of designation, the Court will enter a separate order directing the United States Marshals Service to transport Defendant to the designated facility. *See United States v. Brown*, 100 F.4th 703, 708 (6th Cir. 2024) (approving use of a separate

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) Pursuant to Rule 12.2(c), Defendant is to submit to such examinations as ordered above.

(4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility. The record reflects that Defendant has not taken previously prescribed mental health medications for some time and is uncertain what medication is needed or the correct dosage. In this regard, the facility is asked to evaluate a suitable medication regime for Defendant and to place him on the proper medication for his mental health if appropriate.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

    (a) Defendant's history and present symptoms;

    (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis and prognosis, and

    (e) the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

---

transport order entered after the commitment and designation order for purposes of compliance with the Speedy Trial Act).

3

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshals Service immediately following the completion of the evaluation or the expiration of the thirty (30)-day period, or any reasonable extension of that period, whichever is sooner.

(8) A competency hearing is set for **March 18, 2026, at 11:00 a.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify counsel for both parties and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the United States Marshals Service shall bring him to the **March 18, 2026** competency hearing.

(10) The Court observes that all time during which the Defendant is undergoing a mental examination, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time of up to ten (10) days for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act. The Court also finds that to require Defendant to proceed with trial preparations while his competency is in question would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

(11) Counsel for Defendant Robinette is **DIRECTED** to provide the evaluating mental health provider with a copy of the motion [Doc. 571] and copies of the Defendant's medical, mental health, and educational records in counsel's possession or that counsel receives during the pendency of the evaluation.

4

(12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge