| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-19-KAC-JEM |
| | ) | |
| BOBBY ROBINETTE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the matter of Defendant Bobby Robinette's competency. *See* 28 U.S.C. § 636(b). On January 14, 2026, Defendant filed a Motion for Pretrial Psychiatric and/or Psychological Exam [Doc. 571]. Following a hearing on January 28, 2026, the undersigned committed Defendant for a mental evaluation of his competency to stand trial [Doc. 578]. Defendant arrived at the Federal Medical Center in Lexington, Kentucky (FMC Lexington) for his thirty-day evaluation on February 10, 2026 [Doc. 594]. Defendant's evaluation was completed on April 6, 2026, and the Court received the psychological evaluation on April 8, 2026 [*See* Doc. 623, SEALED]. The parties appeared for a competency hearing on April 20, 2026. Assistant United States Attorney Cynthia Davidson appeared on behalf of the Government. Attorney Mark Brown represented Defendant Robinette, who was also present.

Counsel for both parties confirmed they received a copy of the psychological evaluation by Dr. Kristen McDaniel, forensic psychologist at FMC Lexington [Doc. 623, SEALED]. In the report, Dr. McDaniel opines that Defendant does not suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense [*Id*. at 13]. At the

hearing, neither party presented any other evidence relating to Defendant's competency. Defendant's counsel stated that he had nothing to rebut the report. Defendant's counsel also represented that he had met with Defendant Robinette the morning of the hearing and had a good conversation with him.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494–95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "In making this determination, a court should consider evidence including that of 'irrational behavior, the defendant's demeanor [in court] and any prior medical opinion concerning competence to stand trial.'" *United States v. Taylor*, No. 23-5470, 2024 WL 966570, at *3 (6th Cir. Mar. 6, 2024) (quoting *United States v. Prigmore*, 15 F.4th 768, 776 (6th Cir. 2021) (internal quotation omitted)).

Based upon the psychological evaluation and considering Defendant's demeanor and the record as a whole, including defense counsel's representations at the hearing, the undersigned finds by a preponderance of the evidence that Defendant Robinette is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(d). Accordingly, the Court finds that Defendant Robinette is **COMPETENT** to participate in further proceedings in this case.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

2